James CARTER, et al.,
Plaintiffs-Appellants,

v.

WESTERN RESERVE PSYCHIATRIC
HABILITATION CENTER, et al.,
Defendants-Appellees.

No. 84-3704.

United States Court of Appeals,
Sixth Circuit.

Argued May 2, 1985.

Decided July 11, 1985.

George W. Spittal (argued), Akron, Ohio, Matthew Gilmartin, Olmsted Falls, Ohio, for plaintiffs-appellants.

Deborah Piperni ·(argued), Columbus, Ohio, for defendants-appellees.

Before LIVELY, Chief Judge; and MARTIN and TIMBERS,* Circuit Judges.

PER CURIAM.

This appeal presents questions regarding the proper application of our recent decisions in *Lee v. Western Reserve Psychiatric Habilitation Center, et al.,* 747 F.2d 1062 (6th Cir.1984), and *Loudermill v. Cleveland Board of Education,* 721 F.2d 550 (6th Cir.1983), *aff'd,* —— U.S. ——, 105 S.Ct. 1487 (1985), *on remand from the Supreme Court,* 763 F.2d 202 (6th Cir.1985).

## I.

James Carter, Tony Dortch, James Holder, Robert Robinson, and Paul Wade appeal from judgments entered on May 10, 1984 and July 20, 1984 in the Northern District of Ohio, John M. Manos, *District Judge,* dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), the claims of Carter, Dortch, Holder and Robinson, brought pursuant to 42 U.S.C. § 1983 (1982), alleging that their constitutional rights had been violated since they had been disciplined by appellees without first receiving a proper pre-termination hearing; denying, pursuant to Fed.R.Civ.P. 23(a)(2), appellants' request for class certification; and granting, pursuant to Fed.R.Civ.P. 56(c), appellees' motion for summary judgment with respect to Wade's claims, brought pursuant to 42 U.S.C. § 1983 (1982), alleging that his constitutional rights had been violated since he had been discharged by appellees without first receiving a proper pre-termination hearing and without receiving a meaningful post-termination hearing.

The court held that Carter, Dortch, Holder and Robinson had failed to demonstrate cognizable property or liberty interests of which they had been deprived; that all appellants had failed to demonstrate common questions of law or fact justifying class certification; and that Wade's pre-termination hearing was constitutionally sufficient. The court did not address Wade's claim that he had been denied a meaningful post-termination hearing.

We affirm the judgment of the district court in all respects, except that we reverse and remand with respect to Wade's post-termination hearing claim.

## II.

■ With regard to the claims of Carter, Dortch, Holder and Robinson, the court held that, since they had been disciplined but had not been discharged, they had not been deprived of any property interest. *Board of Regents v. Roth,* 408 U.S. 564, 569–70 (1972); *Perry v. Sindermann,* 408 U.S. 593, 599 (1972); *Banks v. Block,* 700 F.2d 292, 295–96 (6th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 341 (1983).[1] The court also held that, since these individuals had not been discharged, they had not been deprived of any liberty interest based on their allegations that they had been stigmatized by the disciplinary action. *Paul v. Davis,* 424 U.S. 693, 710 (1976). The court therefore dismissed these claims for failure to state a claim upon which relief could be granted.

## III.

■ With regard to appellants' request for class certification, the court held that appellants' challenge to the constitutional sufficiency of appellees' pre-termination

---

* The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

1. In the case of appellant Carter, although we recognize that a two-day suspension without pay constitutes a property deprivation in theory, *Loudermill, supra,* 721 F.2d at 561, not every such deprivation is significant enough to trigger the protections of the due process clause. *Goss v. Lopez,* 419 U.S. 565, 576 (1975); *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971). Under the facts of the instant case, Carter's suspension was in the manner of routine discipline. We regard his deprivation as *de minimus* and not deserving of due process consideration.

procedures did not relate—with the exception of Wade—to the issue of termination of employment. It therefore held that appellants had failed to demonstrate the existence of questions of fact or law common to the class as a whole, and to themselves, so as to satisfy the requirements of Fed.R. Civ.P. 23(a)(2).

## IV.

### (A)

 With regard to Wade, the court held that as a classified civil service employee he "enjoyed a cognizable [property] interest in continuing employment absent cause for discharge", which the state could abrogate "only by observing the strictures of due process." *Loudermill, supra,* 721 F.2d at 559, *aff'd,* —— U.S. at ——, 105 S.Ct. at 1491–93. The court held, however, that Wade's pre-termination hearing before the Patient Abuse Committee was constitutionally sufficient inasmuch as he had received notice of the charge against him and was afforded an *opportunity to rebut that charge. Loudermill, supra,* 105 S.Ct. at 1495; *Lee, supra,* 747 F.2d at 1068–69.[2]

 The court also held that Wade had not been deprived of a liberty interest despite the fact that he was discharged, since Wade did not allege in the complaint that the reasons for his discharge had been "published". *Loudermill, supra,* 721 F.2d at 563 n. 18.

### (B)

 Wade also asserted a claim that he was denied a "meaningful opportunity" for a post-termination hearing since he had to wait several weeks for the hearing to take place and was "denied the right to argue his case before the decision makers at a post-termination hearing in Columbus, Ohio." While a delay of several weeks does not establish a due process violation, *Loudermill, supra,* 721 F.2d at 564, *aff'd,* —— U.S. at ——, 105 S.Ct. at 1496, Wade's claim that he was denied the right to argue his case before the decision makers raises at least a colorable claim of denial of due process.

 Our prior cases dealing with employees discharged pursuant to Ohio Rev.Code Ann. § 124.34 have not concerned themselves with the requirements for post-termination hearings, but rather with the requirements for pre-termination hearings. *See, e.g., Lee, supra,* 747 F.2d at 1067. Although we do not here undertake to establish a format for post-termination hearings in general, it is clear that the required extent of post-termination procedures is inextricably intertwined with the scope of pre-termination procedures. *Loudermill, supra,* —— U.S. at ——, 105 S.Ct. at 1496. Where, as here, a court has approved an abbreviated pre-termination hearing, due process requires that a discharged employee's post-termination hearing be substantially more "meaningful". At a minimum, this requires that the discharged employee be permitted to attend the hearing, to have the assistance of counsel, to call witnesses and produce evidence on his own behalf, and to know and have an opportunity to challenge the evidence against him. The severity of depriving a person of the means of livelihood requires that such person have at least one opportunity for such a full hearing, so that he may challenge the factual basis for the state's action and may provide reasons why that action should not be taken. *Loudermill, supra,* —— U.S. at ——, ——, 105 S.Ct. at 1494, 1496.

 In the instant case, we are in the dark as to what form Wade's post-termi-

2. Although the district court may have erred in basing its holding that Wade's pre-termination hearing was constitutionally sufficient on unsworn affidavits and uncertified copies of documents *attached as exhibits to appellees'* motion for summary judgment, since such materials do not comport with the requirements of Fed.R. Civ.P. 56(e), we are satisfied that essential justice was done. *Achilles v. New England Tree Export Co.,* 369 F.2d 72, 74 (2d Cir.1966). Wade has admitted that he appeared before the Patient Abuse Committee prior to his formal discharge and, as stated above, this hearing was constitutionally sufficient as a matter of law.

nation hearings took since neither the district court nor appellees addressed Wade's claim in this respect. It also is unclear whether Wade is claiming that he was denied the right to appear or present evidence at a post-termination hearing, or whether he was merely denied the right to appear before the decision makers of his own choosing. On remand it will be necessary for the court specifically to determine the crux of Wade's allegation as a predicate to determining the constitutional sufficiency of the post-termination procedures he was afforded.

It also may be appropriate on remand for the court conclusively to determine Wade's employment status. Appellees have argued strenuously that Wade is a probationary employee, not entitled to due process protection. This assertion is in direct contradiction to the finding of the court in its May 10, 1984 opinion that Wade enjoyed a cognizable property interest in his employment since he was in the classified civil service.[3] If on remand, the court reaffirms its earlier finding as to Wade's status, then it should proceed to the issue of the adequacy of the post-termination procedures he was afforded.

## V.

The judgment of the district court is AFFIRMED as to Carter, Dortch, Holder and Robinson, the denial of class certification, and Wade's claims regarding his pre-termination hearing. The judgment of the district court is REVERSED as to Wade's claims for damages and injunctive and declaratory relief as they relate to the issue of his post-termination hearing. The case is REMANDED to the district court for further proceedings consistent with this opinion.

No costs.

AFFIRMED in part; REVERSED and REMANDED in part.

---

**3.** We also find—contrary to appellants' counsel's unwarranted and inexcusable assertions to the contrary—that in making its determination the district court liberally construed the complaint in the light most favorable to appellants. *Dunn v. State of Tennessee,* 697 F.2d 121, 125 (6th Cir.1982), *cert. denied,* 460 U.S. 1086 (1983).