39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley PURDY, Personal Representative of the Estate of Gary
Lee Purdy, Plaintiff-Appellant,
v.
Rial NEWLAND; City of Adrian, Defendants-Appellees.
 No. 93-2110.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1994.
 
 Before: KRUPANSKY, GUY, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Shirley Purdy, who is the representative of the estate of Gary Lee Purdy, appeals the district court's dismissal, under Fed.R.Civ.P. 56, of her 42 U.S.C. Sec. 1983 action against defendants, the City of Adrian, Michigan, and Adrian Police Department Officer Rial Newland. Plaintiff argues that the due process rights of Gary Lee Purdy were violated when Newland rendered allegedly inadequate assistance to Purdy after Purdy suffered a heart attack. We find no constitutional violation, and affirm.
 
 I.
 
 2
 In June 1989, Gary Lee Purdy ("Purdy") suffered a heart attack in the parking lot of a Michigan Secretary of State office in Adrian, Michigan. Newland arrived on the scene minutes after a 911 call was placed and found a cluster of people standing around the prostrate and motionless Purdy. The parties dispute whether an off-duty nurse was tending to Purdy at the time of Newland's arrival, but, in any event, Newland immediately ordered all those present to move away from Purdy. Newland then slapped Purdy's face a few times, eliciting a couple of gasps from Purdy. On the basis of these gasps, Newland concluded that Purdy was "responsive." Since Newland had been trained that CPR should not be administered to "responsive" persons, he chose not to administer it to Purdy, although bystanders urged him to do so. When Adrian Fire Department paramedics arrived on the scene about one minute after Newland's arrival, however, Newland told them that Purdy had "just stopped breathing." (App. at 194.) The paramedics immediately began to administer CPR to Purdy, but he died minutes later.
 
 
 3
 Purdy's estate later brought this Sec. 1983 action against Newland and the City of Adrian. Defendants thereafter moved for summary judgment, which the district court granted. This appeal followed.[1]
 
 II.
 
 4
 We review de novo the district court's grant of summary judgment for defendants. McKee v. Cutter Lab., Inc., 866 F.2d 219, 220 (6th Cir.1989). Summary judgment is appropriate if the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record, construed favorably to the nonmovant, do not raise a genuine issue of material fact for trial. Id.
 
 
 5
 To establish a claim under Sec. 1983, plaintiff must prove that defendants "(1) deprived him of a right secured by the 'Constitution and laws of the United States,' (2) while acting under color of state law." Doe v. Wigginton, 21 F.3d 733, 738 (6th Cir.1994). The parties do not dispute that Newland was acting under color of state law when he took the actions in question here. Thus, the validity of plaintiff's claim depends on whether Newland's actions violated Purdy's constitutional rights.
 
 
 6
 Plaintiff presents two constitutional arguments on appeal. First, citing Estelle v. Gamble, 429 U.S. 97 (1976), plaintiff argues that Newland's conduct amounted to deliberate indifference to Purdy's serious medical needs. Since, as plaintiff recognizes, the "deliberate indifference" standard applies only "when the State takes a person into its custody and holds him there against his will," DeShaney v. Winnebago County Social Services Dept., 489 U.S. 189, 199-200 (1989), this argument is bottomed on plaintiff's contention that Purdy was in the "functional custody" of Newland after Newland "took control" of the scene in the parking lot. For purposes of Estelle and its progeny, however, one is placed in custody only "when the State by the affirmative exercise of its power so restrains [his] liberty that it renders him unable to care for himself[.]" DeShaney, 489 U.S. at 200. Since Newland's actions obviously bore no causal relationship to Purdy's helpless condition, Purdy was not in the custody of Newland. Thus, plaintiff's argument is without merit.
 
 
 7
 Plaintiff next argues that Newland's actions violated Purdy's "substantive due process" right to be free from arbitrary state action that enhances one's risk of harm from outside forces.[2] The state action in question here, of course, is Newland's shooing away of a crowd that may have included a nurse and his subsequent decision not to administer CPR to Purdy. This argument is inspired by language in the DeShaney opinion, where, in the course of finding that the State was not liable for plaintiff Joshua DeShaney's injuries at the hands of his father, the Court remarked that, "[w]hile the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them." 489 U.S. at 201. Plaintiff also relies heavily on Ross v. United States, 910 F.2d 1422, 1431 (7th Cir.1990), where a due process violation was found because State officials refused to allow private lifeguards to rescue a boy who was drowning in Lake Michigan. The Seventh Circuit reasoned that the boy's substantive due process rights forbade the State from "arbitrarily cutting off private sources of rescue without providing a meaningful alternative." Id.
 
 
 8
 We reject plaintiff's argument, however, for two reasons. First, the record would not allow a reasonable jury to conclude that Newland's actions were "arbitrary" or "irrational." Even if a nurse was in the crowd that Newland moved back, there is no evidence that Newland was aware of that fact. Moreover, Newland's refusal to administer CPR was based on his conclusion that Purdy was still responsive at that time. In short, Newland had plausible reasons for the actions he took.
 
 
 9
 Second, even if the reasons for Newland's actions were flawed, those actions were merely negligent at most. In hindsight, one might conclude that Newland's split-second judgment not to administer CPR was erroneous. Given that Purdy was not wholly unresponsive, however, this possible error of judgment did not constitute a reckless, much less a deliberate, enhancement of the dangers facing Purdy. And merely negligent conduct by a State official, even though causing injury, does not constitute a "deprivation" under the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 331 (1986). Thus, even if Newland's judgment was faulty, it did not "deprive" Purdy of any interest protected by the Due Process Clause.
 
 
 10
 It only remains to note that, since defendants did not violate Purdy's constitutional rights, we need not address defendants' arguments concerning qualified immunity and municipal liability.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 For purposes of analyzing plaintiff's arguments on appeal, we consider the facts set forth in Newland's deposition to be undisputed. It is true that plaintiff attached to its brief in opposition to defendants' summary judgment motion a transcript of a private investigator's unsworn "interviews" of four witnesses to the incident in the parking lot. These persons essentially stated they had heard that a nurse was among the bystanders who were kept away from Purdy, and that it was obvious that Purdy needed CPR to be administered to him. In the hearing for the summary judgment motion, however, defendants contended that these "interviews" should not be considered by the court because they were unsworn. Although the district court saw no need to address this contention, we note our agreement with defendants, since Fed.R.Civ.P. 56(e) requires statements such as these "interviews" to be sworn in order to be considered by the court. See Carter v. Western Reserve Psychiatric Habilitation Center, 767 F.2d 270, 273 n. 2 (6th Cir.1985) ("unsworn affidavits and uncertified copies of documents attached as exhibits to appellees' motion for summary judgment ... do not comport with the requirements of Fed.R.Civ.P. 56(e)[.]"); Baxter v. Railway Express Agency, Inc., 455 F.2d 693, 696 (6th Cir.) (citing Rule 56(e) for proposition that "[t]he unsworn averments of a complaint will not suffice, on motion for summary judgment, to put in issue facts set out and sworn to in an affidavit supporting such motion."), cert. denied, 409 U.S. 847 (1972); Blum v. Campbell, 355 F.Supp. 1220, 1227 (D. Mar. 1972) ("Plaintiff scrambling, discursive letter is not under oath and therefore cannot be considered by the Court under Rule 56"; " 'deposition' " of plaintiff's friend was likewise barred by Rule 56 because plaintiff served as notary for it)
 
 
 [2]
 Plaintiff did not raise this argument in the district court