Jeffrey KNOBLAUCH Plaintiff,

v.

CITY OF WARREN, James Vohs, Donald Lusk, State of Michigan, Michigan Department of State Police, Defendants.

No. 02–72148.

United States District Court,
E.D. Michigan,
Southern Division.

May 23, 2003.

776

Jamil Akhtar, Troy, for plaintiff.

For City of Warren, James Vohs—Robert S. Hurth, Michael S. Thomas, Mount clemens, For Donald Lusk, State of Michigan,.and Michigan State Dept. of Police—Mark E. Donnelly, Michigan Dept. of Attorney General, Lansing, for defendant.

## *OPINION*

DUGGAN, District Judge.

Plaintiff Jeffrey Knoblauch filed this action alleging due process violations under 42 U.S.C: § 1983, against Defendants City of Warren and James Vohs. Plaintiff also asserts claims of libel and slander, tortious interference with an advantageous contractual relationship, and civil conspiracy against Defendant Donald Lusk as well as a claim for negligent supervision.[1]  Currently before the Court is Defendants City of Warren's and James Vohs' motion to dismiss.[2]  A hearing was held on March

---

1. Plaintiff's negligent supervision claim was brought against Defendants Michigan Department of State Police and State of Michigan. Both of these Defendants have been dismissed pursuant to a stipulated order dated July 29, 2002.

2. Although Defendants' motion is entitled "Motion to Dismiss," the Court construes it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.")  In this case, both parties treated the instant motion as one for summary judgment and/or a motion to dismiss.  Both parties relied on the standard of

27, 2003. For the reasons stated below, Defendants' motion is granted.

## Background

Plaintiff Jeffrey Knoblauch is currently a corporal with the Warren Police Department ("department"). Plaintiff first began working for the department in 1984 and was promoted to the rank of corporal in 1991. (Pl.'s Resp. at 1). At the time relevant to this suit, Plaintiff was assigned to the Macomb Auto Theft Squad ("MATS"). Defendants Lusk and Voh were also assigned to MATS. In August 2001, Plaintiff requested a transfer to another cooperative task force unit known as COMET. (Pl.'s Resp. at 3). Defendants maintain that Plaintiff was denied the transfer to COMET because "he did not meet the job requirements for that position." (Defs' Mot. at 5).

Plaintiff believes that the discipline he received on October 22, 2001, violated his due process rights. (Pl.'s Resp. at 11). The discipline received on this date consisted of "a three-day suspension, plus no transfer to the COMET Unit, as otherwise required under the collective bargaining agreement." (Pl.'s Resp. at 11). Specifically, Plaintiff alleges that prior to meeting with Defendant Vohs, City of Warren Police Chief, "Plaintiff was not given a copy of the charges sustained by Sgt. Gary Johnson and Captain Roger Barnett, was not accorded the opportunity to call witnesses on his behalf and *Chief Vohs had already determined what the appropriate discipline would be.*" (Pl.'s Resp. at 11–12)(emphasis in original). Plaintiff also argues that two separate one day suspensions received in November, 2001, violated

his due process rights for the same reasons. ("Therefore, it is clear that Plaintiff did not received prior notice of the charges, an opportunity to be heard, a right to call witnesses or a hearing before a fair and independent decision-maker. Chief Vohs was pre-disposed to discipline Plaintiff prior to calling Plaintiff into the two meetings in October and November of 2001.")(Pl.'s Resp. at 13).

Defendants argue that Plaintiff cannot sustain a claim under 42 U.S.C. § 1983 because Plaintiff was not deprived of a property interest, and even if he was, he received the process he was entitled to given the circumstances. (Defs' Mot. at 7 and 10). In addition, Defendants argue that Chief Vohs' "discretionary acts do not expose the City of Warren to liability in this case." (Defs' Mot. at 13). Finally, Defendants argue that Plaintiff has failed to properly plead a § 1983 claim against a municipality because the complaint fails to identify the policy that caused Plaintiff's injury. (Defs' Mot. at 14).

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is no genuine issue of material fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liber-*

review for summary judgment under FED. R. CIV. P. 56 (*See* Defs' Mot. at 6, Pl.'s Resp. at 8). Both parties submitted matters outside the pleadings in the form of deposition testimony, exhibits, and affidavits. Finally, Plaintiff concludes with a request for this Court to deny Defendants' "Motion to Dismiss and/or

for Summary Judgment, as to Plaintiff's cause of action alleging a violation of 42 U.S.C. § 1983." (Pl.'s Resp. at 17). For all of these reasons, the Court believes that the parties had a reasonable opportunity to, and in fact did, present pertinent material pursuant to FED. R. CIV. P. 56.

*ty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 800 (6th Cir.1994). The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 340 (6th Cir.1993). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## Discussion

### A. Plaintiff's § 1983 Claim

■ Plaintiff's claim under 42 U.S.C. § 1983 [3] is one of procedural due process. The Fourteenth Amendment protects against the deprivation of life, liberty or property without due process of law. U.S. CONST. amend. XIV, § 1. The requirements of due process are implicated only if there has been a deprivation of an interest "encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colls. v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

■ Once a property interest protected by the Fourteenth Amendment is identified, court's apply a three factor balancing test to determine what process is due. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). The three factors are: 1) the private interest at issue, 2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional procedural safeguards, and 3) the defendant's interest, including the administrative and financial burden of adding additional procedures. *Id.* Plaintiff believes that he was denied a job transfer and received disciplinary suspensions in violation of his procedural due process rights. The Court disagrees. To the extent that Plaintiff has been deprived of a property interest, he received adequate process.

### I. Failure To Transfer

■ Although Plaintiff believes that he was denied due process with respect to the transfer, he has failed to cite a single case supporting his position. (Pl.'s Resp. at 12: "Therefore, when this Honorable Court ties the refusal to transfer, along with the other disciplinary action which was meted-out on October 22, 2001, the denial of transfer was part of the total discipline meted-out on that date. *Plaintiff's rights to due process were violated, in that Plaintiff had a contractual/property right to said transfer,* and not to be discipline [sic] without just cause and due process.")(emphasis added).

None of the cases relied on by Plaintiff with respect to the transfer are controlling (*See* Pl.'s Resp. at 11–13) and each is easily distinguished because in those cases, the plaintiffs were either terminated from their positions, or not rehired as was the case in *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701 (1972).[4] Plaintiffs faced with job termination are

---

**3.** 42 U.S.C. § 1983 provides in relevant part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges,

or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

**4.** The other cases relied on by Plaintiff are: *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), *Sutton v. Cleveland Bd. of Educ.,* 958 F.2d

entitled to greater procedural due process safeguards. Clearly, the interest at stake in such a case is far greater than the interest complained of in this case, i.e. five days of disciplinary suspension coupled with the denial of a transfer.

At least one court of appeals has held that a transfer involving no loss of pay or rank is not a protected property interest. *Oladeinde v. Birmingham*, 963 F.2d 1481, 1486 (11th Cir.1992)("When reviewing a due-process claim, the threshold question is whether plaintiffs were deprived of a protected property or liberty interest. Our inquiry will start with the only allegation affecting both plaintiffs: the transfers. Because we continue to be unwilling to hold that a transfer, which involves no loss of pay and no loss of rank, deprives a plaintiff of a protected liberty or property interest, we conclude that plaintiffs have alleged no procedural due-process violation on this point.")(internal citation omitted). Although this case is distinct in that Plaintiff was denied the transfer he sought, the Court nonetheless believes *Oladeinde* to be controlling.[5]

## II. Disciplinary Suspensions

■ Next, Plaintiff argues that he was disciplined in violation of his due process rights. (Pl.'s Resp. at 12). Plaintiff relies on the same body of case law listed in footnote 4 above already found to be distinguishable. (Pl.'s Resp. at 12: "As stated above, as a part of his rights to due process and before he can be disciplined and denied of a right to transfer under the contract, Plaintiff must be accorded those fundamental rights as set forth by the Supreme Court in *Loudermill, supra.*") Disciplinary suspensions without pay are a protected property interest under the Fourteenth Amendment.[6] *Click v. Board*

1339 (6th Cir.1992), *Buckner v. City of Highland Park*, 901 F.2d 491 (6th Cir.1990), *Todaro v. Norat*, 112 F.3d 598 (2nd Cir.1997), and *Duchesne v. Williams*, 849 F.2d 1004 (6th Cir.1988).

5. Plaintiff argues that *Leary v. Daeschner*, 228 F.3d 729 (6th Cir.2000), supports his argument that his right to transfer provided for in the collective bargaining agreement is a property right "subject to due process considerations." (Pl.'s Supp. Br. at 2). The Court disagrees because *Leary* is factually distinct. In *Leary*, the property interest at issue was akin to a right of continued employment. Specifically, that case involved a collective bargaining provision that provided that teachers could only be transferred for "good cause" and "extenuating circumstances." *Id.* at 742. The Sixth Circuit found that there was a property interest in continued employment at a particular school.

6. In *Carter v. Western Reserve Psychiatric Habilitation Ctr.*, 767 F.2d 270, 272, n. 1 (1985)(per curiam), the Sixth Circuit held that a two-day suspension without pay in the manner of routine discipline is a property deprivation in theory, but found such deprivation to be *"de minimus* and not deserving of due process consideration." However, this holding was called into question just three months later in *Boals v. Gray*, 775 F.2d 686 (6th Cir.1985). In *Boals*, at issue was the five-day suspension of a correctional officer. *Boals* also involved a state statute creating a property interest in not being suspended from work except "for cause." *Id.* at 688–689. In *Boals*, the Sixth Circuit affirmed the district court's conclusion that a five-day suspension was not *de minimis* and distinguished *Carter*:

> While we acknowledge [*Carter's*] holding, decided and filed during our deliberations on the instant case, we do not regard it as dispositive of plaintiff's claims...First, plaintiff's suspension was for five, not two days...Second, plaintiff asserts a first amendment as well as procedural due process claim. Although we reject plaintiff's claim on the merits, the first amendment claim raises considerations such as the potential chilling effect of plaintiff's suspension on himself and others that weigh against classification of his suspension as *de minimis*. Finally, we note that the *Carter* court recognized that even a two-day suspension without pay may constitute a property deprivation, and that its holding was confined specifically to the facts presented. *Id.* at 689, n. 5. Based on the reasoning in *Boals*, the Court will assume that Plaintiff's

*of Police Comm'rs,* 609 F.Supp. 1199, 1206 (W.D.Mo.1985)(finding that a police officer "may not be constitutionally suspended from employment without pay unless the officer is given 1) oral or written notice of the charge; 2) an explanation of the basis for the charge; and 3) an opportunity to present his/her side of the story.") No constitutional violation occurred in this case because Plaintiff received the procedural due process to which he was entitled.

In this case, although Plaintiff acknowledges that "[d]uring the investigative stage, Plaintiff was given an opportunity to file a Form 50 setting forth his explanation of the charges against him" (Pl.'s Resp. at 12), he argues simultaneously that he "was not given an opportunity to review the charges prior to the hearing with the Chief of Police" and "was not given an opportunity to call witnesses." (Pl.'s Resp. at 13). A review of the record does not support Plaintiff's arguments. Rather, the record indicates that Plaintiff received adequate notice as well as an opportunity to respond to charges prior to his suspensions.

On September 27, 2001, Plaintiff received an Administrative Internal Investigation Warning regarding unauthorized overtime (Internal Affairs Investigation 01–55) and was interviewed and given a chance to respond to the allegation. (Defs' Mot. Exh. A, Exh. C). In addition, on September 28, 2001, Plaintiff responded in writing to investigation 01–55. (Defs' Mot. Exh. A). On October 22, 2001, Plaintiff met with Defendant Vohs and learned that he would receive a three day suspension based on investigation 01–55. (Pl.'s Resp. at 4).

Plaintiff received notice of a second internal investigation regarding charges of misconduct related to confiscated property (Internal Affairs Investigation 01–60) on October 15, 2001 (Defs' Mot. Exh. C), and

was interviewed regarding the allegations. Plaintiff also received notice of a third investigation (Internal Affairs Investigation 01–61) on October 15, 2001. Plaintiff responded in writing to investigation 01–61 on October 17, 2001 (Defs' Mot. Exh. F). Plaintiff was interviewed regarding investigation 01–61 on October 18, 2001. (Defs' Mot. Exh. C). On November 20, 2001, Defendant Vohs made the decision to impose a one day suspension based on findings from investigation 01–61. (Pl.'s Resp. at 5). On November 21, 2001, Defendant Vohs suspended Plaintiff for one day based on the findings of investigation 01–60. (Pl.'s Resp. at 5). In sum, as to each investigation, Plaintiff had notice of the charges and responded to each either in writing or orally before the suspensions were imposed.

Plaintiff believes that his due process rights were violated in this case because he never received a copy of the Formalized Administrative Complaint Case Form. (*See* Pl.'s Resp. Exh. 9). The Court disagrees. A review of the formal complaint for investigation 01–55 indicates that Plaintiff violated General Order 85–15, rule of conduct numbers 22 (Insubordination), 46 (Department Records), 13 (Unsatisfactory Performance), and 53 (Truthfulness). The internal investigation warning, signed by Plaintiff on September 27, 2001, indicates that the alleged violations were: General Order 85–15, rules 22 (Insubordination) and 46 (Department Records). (*See* Defs' Mot. Exh. A). Therefore, contrary to what Plaintiff argues, he did have notice of the bases for each charge lodged against him. The charges of unsatisfactory performance and untruthfulness in the formalized complaint (but not in the internal investigation warning) were clearly based on the charges of insubordination and the department records infraction the charges Plaintiff had notice of via the in-

five-day suspension without pay was a pro-

tected property interest.

ternal investigation warning. (*See* Formalized Administrative Complaint Case Form, Pl.'s Resp. Exh. 9). In addition, Plaintiff's written response addresses the substance of the charges from investigation 01–55. (Def.'s Mot. Exh. A). Therefore, Plaintiff's argument that his due process rights were violated because he "was not provided with a copy of the final investigation report," is without merit. (Pl.'s Resp. Br. at 13).[7]

In this case, a balancing of the factors set forth in *Mathews v. Eldridge* demonstrates that Plaintiff received adequate due process. 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). First, the property interest at issue in this case was minimal. Plaintiff ultimately received five days of disciplinary suspension without pay. Plaintiff does not dispute Defendants' assertion that the suspension did not affect Plaintiff's rate of pay, seniority, or pension. (Defs' Mot. at 5).

■ Second, the risk of erroneous deprivation through the procedures used is minimal. As discussed above, Plaintiff received notice of the charges against him, as well as an opportunity to respond both verbally and in writing, which Plaintiff did. In addition, Plaintiff had the benefit of a postdeprivation grievance procedure administered through the Warren Police Officers Association. Finally, as to the third factor, there is no indication that adding additional procedural safeguards would further minimize the chance of an erroneous deprivation. Although Plaintiff believes that he was entitled to an opportunity to call witnesses, given the minimal property interest at issue and the procedural safeguards already in place, the Court is satisfied that any additional benefit afforded to Plaintiff if he were able to call witnesses on his behalf does not outweigh the additional administrative burden to the Defendant of having to add such procedure.[8]

---

7. A review of the documents pertaining to the other investigations, 01–60, and 01–61, also indicates that Plaintiff did have notice of the bases of the charges against him. With regard to investigation 01–60, the internal investigation warning, signed by Plaintiff, indicates an alleged violation of General Order 85–15, rule 13 (Unsatisfactory Performance). (Defs' Mot. Exh. E at 4). The Formalized Administrative Complaint Case Form indicates a violation of Rule 13, as well as rule 53 (Truthfulness). (Pl.'s Resp. Br. Exh. 12). Although there is no written response by Plaintiff to this investigation in the record, the record does demonstrate that Plaintiff was interviewed and given an opportunity to respond to the charges included in investigation 01–60. (Defs' Mot. Exh. C ¶ 2i). Finally, with regard to investigation 01–61, the Formalized Administrative Complaint Case Form indicates a violation of Rule 53 (Truthfulness) and Rule 13 (Unsatisfactory Performance). (Pl.'s Resp. Exh. 13). A review of Plaintiff's written response to these charges clearly indicates that he understood the substance of the charges contained in the formalized complaint, and in fact, did respond to them. (Defs' Mot. Exh. F).

It bears mentioning that predeprivation procedures are to be considered in conjunction with "options for postdeprivation review." *Leary*, 228 F.3d at 743. "[I]f elaborate procedures for postdeprivation review are in place, less elaborate predeprivation process may be required." *Id.* In this case, in addition to the process he received prior to his discipline, Plaintiff had the benefit of a postdeprivation grievance procedure through the Warren Police Officers Association. Plaintiff utilized this procedure and filed grievances with respect to the discipline he received. (Defs' Mot. Exh. D).

8. Even in cases involving a job termination, there is no requirement that a party be given the opportunity to call witnesses in a pretermination hearing. Case law is clear that the formality and procedural requisites for a "hearing" can vary depending on the property interest involved. *Loudermill*, 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985) (citations omitted). "The essential requirements of due process...are notice and an opportunity to respond." *Id.* at 546, 105 S.Ct. 1487. In this case, Plaintiff had the benefit of both.

782

The Court concludes that no procedural due process violation occurred in this case under the balancing test set forth in *Mathews v. Eldridge.* As such, the Court finds it unnecessary to reach the issue of whether Defendant Vohs' actions in this case exposed the City of Warren to liability under § 1983. Because the Court has concluded that no custom or policy exists that fails to accord "its officers with rudimentary requirement of just cause when it comes to disciplining its officers," (Pl.'s Resp. at 15), the Court finds that it is unnecessary to further examine Defendants' claim that Plaintiff has failed to properly plead a claim under 42 U.S.C. § 1983 against the City of Warren.

## B. Plaintiff's Civil Conspiracy Claim Against Defendant Vohs

Plaintiff indicates in his Response that he wishes to withdraw his civil conspiracy cause of action against Defendant Vohs. (Pl.'s Resp. at 17).

## Conclusion

For the reasons set forth above, Plaintiff's claim that his procedural due process rights were violated is without merit. A disciplinary suspension without pay is a minimal deprivation of property; however, Plaintiff received adequate due process. As such, the Motion for Summary Judgment filed on behalf of the City of Warren and James Vohs is granted and all claims against these Defendants shall be dismissed. A Judgment consistent with this Opinion shall issue.