THE STATE, EX REL. OWENS-ILLINOIS, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Owens–Illinois, Inc., v. Indus. Comm.* (1991), 61 Ohio St.3d 456.]

(No. 90–600—Submitted May 6, 1991—Decided August 14, 1991.)

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr.,* and *Bradley K. Sinnott,* for appellant.

*Lee I. Fisher,* Attorney General, and *Michael L. Squillace,* for appellee.

---

*Per Curiam.* Appellant raises one issue: Does due process compel oral argument, if requested, at a hearing before the Industrial Commission, whenever new evidence is obtained? Upon review, we find that it does not.

Due process clearly entails an "opportunity to be heard." *Grannis v. Ordean* (1914), 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363, 1369. However, due process "guarantees no particular form of procedure; it protects substantial rights." *Natl. Labor Relations Bd. v. Mackay Radio & Tel. Co.* (1938), 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381, 1393; *Inland Empire Dist. Council v. Millis* (1945), 325 U.S. 697, 710, 65 S.Ct. 1316, 1323, 89 L.Ed. 1877, 1885, rehearing denied (1945), 326 U.S. 803, 66 S.Ct. 11, 90 L.Ed. 489. Appellant's attempt to literally construe "hear" conflicts with other state and federal decisions.

Recently, in *State, ex rel. Ormet Corp., v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920, we refused to construe "hear" literally, in reviewing the constitutionality of a permanent total disability order that had been voted on by a commissioner who had not attended the hearing. Quoting *Morgan v. United States* (1936), 298 U.S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288, 1295, the employer argued that under due process, "the one who decides must hear." Since the absentee commissioner had not done so, the employer claimed a due process violation.

We agreed that *Morgan* espoused a due process principle, but found that the commissioner's absence, standing alone, did not offend due process. *Ormet* examined *Morgan* and the three decisions arising from it—(1938), 304

U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129; (1939), 307 U.S. 183, 59 S.Ct. 795, 83 L.Ed. 1211; and (1941), 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (*Morgan II, III* and *IV*)—and concluded that the United States Supreme Court did not intend such a narrow interpretation of "hear." Instead, we held that a party had been sufficiently "heard" for due-process purposes when the decision maker *"in some meaningful manner,* consider[ed] evidence obtained at [a] hearing." (Emphasis *sic.*) *Id.,* 54 Ohio St.3d at 107, 561 N.E.2d at 925. Thus, a commissioner's review of a hearing transcript in lieu of live testimony satisfied a party's right to be "heard." Applying *Ormet* here, a party's challenge to new evidence can, in some cases, be presented in writing, rather than verbally, without violating due process.

None of the cases appellant cites suggests that the right to be heard is satisfied only by oral presentation. The cases merely indicate that due process demands an opportunity to rebut the evidence presented. See *Bowman Transp., Inc. v. Arkansas Best Freight System, Inc.* (1974), 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447; *State, ex rel. Canter, v. Indus. Comm.* (1986), 28 Ohio St.3d 377, 28 OBR 437, 504 N.E.2d 26; *State, ex rel. Chrysler Plastic Products Corp., v. Indus. Comm.* (1987), 39 Ohio App.3d 15, 528 N.E.2d 1279; and *State, ex rel. Ormet Corp., v. Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 87AP–1187, unreported, 1989 WL 110997 (and distinct from the *Ormet* decision cited earlier). None of the cases states that a party has a *right* to make that rebuttal *at an oral hearing.*

Appellant ignores the Unites States Supreme Court's decision in *Federal Communications Comm. v. WJR* (1949), 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353. In *WJR,* the FCC licensed a North Carolina radio station on the same broadcasting frequency as WJR's, without notice to WJR and without hearing. WJR then petitioned for "reconsideration and hearing." *Id.* at 268, 69 S.Ct. at 1100, 93 L.Ed. at 1356. The FCC denied WJR's petition in a written opinion without prior oral argument. WJR alleged that the FCC's reconsideration denial without hearing violated its due process rights. A United States court of appeals agreed.

The United States Supreme Court characterized "the important question presented" as "the extent to which due process of law, as guaranteed by the Fifth Amendment, requires federal administrative tribunals to accord the right of oral argument to one claiming to be adversely affected by their action, more particularly upon questions of law." *Id.* at 267, 69 S.Ct. at 1099, 93 L.Ed. at 1356.

The Supreme Court interpreted the lower court's opinion as being grounded on the premise that:

" * * * [S]uch an opportunity is an inherent element of procedural due process and all judicial or quasi-judicial, i.e., administrative determinations of questions of law, outside of such questions as may arise upon interlocutory matters involving stays *pendente lite*, temporary injunctions and the like." *Id.* at 273, 69 S.Ct. at 1102, 93 L.Ed. at 1359.

The Supreme Court reversed the lower court, writing:

"Taken at its literal and explicit import, the [appellate] Court's broad constitutional ruling cannot be sustained. So taken, it would require oral argument upon every question of law, apart from the excluded interlocutory matters, arising in the administrative proceedings of every sort. This would be regardless of whether the legal question were substantial or insubstantial; of the substantive nature of the asserted right or interest involved * * *.

"We do not stop to consider the effects of such a ruling, if accepted upon the work of the vast and varied administrative as well as judicial tribunals of the federal system * * *. It is enough to say that due process of law, as conceived by the Fifth Amendment, has never been cast in so rigid and all-inclusive confinement." *Id.* at 274–275, 69 S.Ct. at 1103, 93 L.Ed. at 1360.

The *WJR* majority stressed:

" * * * [D]ue process of law has never been a term of fixed and invariable content. This is as true with reference to oral argument as with respect to other elements of procedural due process. For this Court has held in some situations that such argument is essential to a fair hearing * * *, in others that argument submitted in writing is sufficient. * * * " (Citations omitted.) *Id.* at 275–276, 69 S.Ct. at 1103, 93 L.Ed. at 1360.

Finally, the court concluded:

" * * * [T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances * * *. Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." *Id.* at 276, 69 S.Ct. at 1103, 93 L.Ed. at 1360.

Contrary to appellant's representation, the Supreme Court's holding in *Goldberg v. Kelly* (1969), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, does not advance appellant's position. In *Goldberg* the court did find that denial of oral argument *under the circumstances of that case* violated due process. It did not, however, broadly declare that oral argument was a mandatory due process requirement.

*Goldberg* involved welfare recipients whose benefits were terminated without hearing. In finding a constitutional violation, the court set forth what process was due:

"In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Id.* at 267–268, 90 S.Ct. at 1020, 25 L.Ed.2d at 299.

This statement, however, is not the sweeping policy declaration appellant claims it is, since the court explained in detail why it reached its decision:

"The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard. It is not enough that a welfare recipient may present his position to the decision maker in writing * * *. Written submissions are an unrealistic option for most recipients, who lack the educational attainment necessary to write effectively and who cannot obtain professional assistance. Moreover, written submissions do not afford the flexibility of oral presentations; they do not permit the recipient to mold his argument to the issues the decision maker appears to regard as important. Particularly where credibility and veracity are at issue, as they must be in many termination proceedings, written submissions are a wholly unsatisfactory basis for decision. * * * Therefore a recipient must be allowed to state his position orally. * * * " *Id.* at 268–269, 90 S.Ct. at 1021, 25 L.Ed.2d at 299–300.

*Goldberg* specifically cites *WJR, supra,* and notes that *WJR* "presents no question requiring our determination whether due process requires only an opportunity for written submission, or an opportunity both for written submission and oral argument, where there are no factual issues in dispute or where the application of the rule of law is not intertwined with factual issues." *Id.* at 268, 90 S.Ct. at 1020, 25 L.Ed.2d at 299. This, too, undermines appellant's reliance on *Goldberg*.

*Goldberg* and *WJR* base a party's right to oral argument on the particular facts of a given case. Reconciling the "opportunity to be heard" with the "capacities and circumstances of those who are to be heard" in the present case, suggests a conclusion contrary to that urged by appellant. Unlike those aggrieved in *Goldberg*, appellant here is not a legally unsophisticated welfare recipient, but is represented by attorneys specializing in workers' compensation. Written response to a commission rehabilitation report is not the "unrealistic option" that it was in *Goldberg*. Appellant's counsel should possess the skills to make a written presentation that is just as effective as one rendered verbally. Moreover, witness credibility and veracity, stressed in *Goldberg*, are not at issue here. The circumstances that dictated oral argument in *Goldberg* are currently lacking.

Accordingly, under the facts of this case, we hold that due process was not offended by lack of oral hearing, so long as appellant had an opportunity for written rebuttal of the rehabilitation report. We find that appellant was afforded such an opportunity. Appellant had ten weeks between completion of the rehabilitation report and the commission's permanent total disability order to submit written response. Appellant, however, chose not to do so. Its own inaction thus negates any due-process violation.

For the reasons set forth above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.