OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Ohio Association of Public School Employees, AFSCME, AFL-CIO,
et al., Appellees, v. Lakewood City School District Board of
Education, Appellant.
[Cite as Ohio Assn. of Pub. School Emp., AFSCME AFL-CIO v.
Lakewood City School Dist. Bd. of Edn. (1994),     Ohio
St.3d    .]
Schools -- Employer and employee -- Public school employee
      entitled to procedural due process at posttermination
      arbitration hearing -- Procedural due process does not
      require face-to-fce confrontation in posttermination
      grievance arbitration hearing, when.
1.  A public school employee is entitled to procedural due
        process at the employee's posttermination arbitration
        hearing.
2.  Procedural due process does not require face-to-face
        confrontation in a posttermination grievance
        arbitration hearing when the terminated public
        employee is permitted to cross-examine the adverse
        witness or witnesses at the hearing.
      (No. 92-1877 -- Submitted September 22, 1993 -- Decided
January 26, 1994.)
      Appeal from the Court of Appeals for Cuyahoga County, No.
62880.
      On October 1, 1990, an arbitration hearing was held to
determine the merits of appellee Terry Johnson's grievance
alleging that he had been terminated without cause from his
employment as a custodian at Lakewood High School in Lakewood,
Ohio.  Johnson filed the grievance pursuant to the collective
bargaining agreement between his union, appellee Ohio
Association of Public School Employees, AFSCME, AFL-CIO,
Chapter 134 ("OAPSE" or "the union"), and appellant, Lakewood
City School District Board of Education ("board").  The
asserted grounds for Johnson's termination were involvement in
drug dealing and sexually suggestive behavior with students.
      At the hearing, the board called a former Lakewood
student, Holly Early, to support the allegation of drug
dealing.  Because Early said she feared Johnson and did not
wish to appear in the same room with him, the arbitrator

allowed her, over objection of Johnson's counsel, to testify from a separate room via closed-circuit television. Those in the hearing room could see and hear Early on a video screen, and Early could hear the parties in the hearing room. She was subject to direct and cross-examination.

Early testified that while she was a student at Lakewood High School, Johnson helped arrange for her to buy cocaine from a third person. She stated also that Johnson contacted her later and told her to deny that he had helped her obtain drugs. She testified further that "I'm just scared that something might happen to me. And to my family." On cross-examination Early admitted that Johnson had not threatened her, that she had become pregnant out of wedlock, and that she had bought and used drugs.

Based on the testimony of Early and other witnesses at the hearing, the arbitrator decided that although the evidence of sexual misconduct was insufficient to warrant termination, Early's testimony did establish Johnson's involvement in a drug deal. He therefore denied the grievance. The Cuyahoga County Court of Common Pleas confirmed the arbitrator's decision. Appellees herein appealed, arguing that the arbitrator had violated Johnson's procedural due process rights by refusing him face-to-face confrontation with Early. The court of appeals agreed, and reversed and remanded the case.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Lucas, Prendergast, Albright, Gibson & Newman and Rankin M. Gibson, for appellees.

Squire, Sanders & Dempsey, Jeffrey J. Wedel, Arthur A. Kola and Brian A. Paton, for appellant.

Moyer, C.J.    We are asked to decide whether procedural due process requires direct face-to-face confrontation between a discharged employee and the principal witness against him at a posttermination arbitration hearing. We hold that there exists no absolute right to face-to-face confrontation under these circumstances, and accordingly we reverse the court of appeals.

It is not disputed that Terry Johnson has a protected property right to continued employment. Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard. Id. In some situations, due process requires that the party about to suffer the deprivation first have the opportunity to confront and cross-examine adverse witnesses. Greene v. McElroy (1959), 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (revocation of government contractor's employee's security clearance); Goldberg v. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (revocation of public assistance benefits). Confrontation and cross-examination are important where the government action turns on questions of fact. Id., 397 U.S. at 269, 90 S.Ct. at 1021, 25 L.Ed.2d at 300.

Confrontation and cross-examination are not, however,

absolute prerequisites to predeprivation due process. The inquiry as to what process is due depends on the facts of each case. Brock v. Roadway Express, Inc. (1987), 481 U.S. 252, 107 S.Ct. 1740, 95 L.Ed.2d 239. In Brock, the court stated: "Determining the adequacy of predeprivation procedures requires consideration of the Government's interest in imposing the temporary deprivation, the private interests of those affected by the deprivation, the risk of erroneous deprivations through the challenged procedures, and the probable value of additional or substitute procedural safeguards." Id. at 262, 107 S.Ct. at 1747, 95 L.Ed.2d at 250.

In Loudermill, a board of education terminated a security guard for lying on his employment application. Ohio law at the time permitted termination without a hearing. The court held that as a classified civil servant, the employee had a protected property right to continued employment, of which he could not be deprived without "*** notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id., at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. The court held that the procedure need not include a full evidentiary hearing, and distinguished Goldberg, stating that the equities in a welfare case were significantly different from those applicable in the context of public employment. Id., 470 at 545, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. It is thus clear from Loudermill that no right to confrontation and cross-examination attaches to a pretermination "hearing" of a public employee.

Neither this court nor the United States Supreme Court has yet expressly determined the requirements of procedural due process in a posttermination hearing of a public employee. Moreover, the fact that the proceeding was an arbitration, as opposed to a formal courtroom proceeding, was raised as an issue at oral argument in this court. Johnson contended that the collective bargaining agreement did not incorporate the very informal evidentiary rules of the American Arbitration Association ("AAA"), and consequently stricter evidentiary rules should have applied.

The AAA Voluntary Labor Arbitration Rules, which exempt hearings from the "legal rules of evidence" (Rule 28), serve the laudable goal of avoiding much of the formality, time consumption, and expense of a full trial-type hearing. When the arbitration concerns the termination of a public employee with a protected right to continued employment, however, the informality of arbitration may not supersede the requirements of due process. The scope of a property right is not defined by the procedures created for its removal, and due process must be satisfied whatever those procedures may be. Vitek v. Jones (1980), 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552.

Consequently, we hold that a terminated public school employee is entitled to procedural due process at the employee's posttermination arbitration hearing. We measure Johnson's arbitration hearing against the same baseline due-process requirements that would apply to any type of posttermination hearing. The informality inherent in arbitration does not lower the threshold of the test.

Having held that due process guides the procedures at a posttermination arbitration hearing, we next determine what

process is due.  Loudermill and Brock suggest that a posttermination hearing must provide the parties a more thorough opportunity to present their evidence and to challenge adverse evidence than that promised at a pretermination hearing.  In Loudermill, the court rested its holding, with respect to the pretermination hearing procedures, in part on Loudermill's opportunity for more thorough posttermination hearings.  470 U.S. at 546-547, 105 S.Ct. at 1495-1496, 84 L.Ed.2d at 506-507.  In Brock, the court upheld the informal preliminary procedures because "[f]inal assessments of the credibility of supporting witnesses are appropriately reserved for the administrative law judge, before whom an opportunity for complete cross-examination of opposing witnesses is provided."  481 U.S. at 266, 107 S.Ct. at 1750, 95 L.Ed.2d at 253.

A more thorough posttermination hearing is necessary to "ferret out bias, pretext, deception and corruption by the employer in discharging the employee."  Duchesne v. Williams (C.A.6, 1988), 849 F.2d 1004, 1008.  Accomplishing this truth-finding function requires the employment of at least some trial-type procedures.  However, the cases provide no bright-line rule that direct face-to-face confrontation is necessary to satisfy due process in a posttermination hearing.

We find support for this view in several federal appellate cases.  Papapetropoulous v. Milwaukee Transport Services, Inc. (C.A.7, 1986), 795 F.2d 591, involved the posttermination arbitration hearing of a bus driver who was fired for a sexual assault on a passenger while on duty.  The passenger suffered an emotional breakdown during cross-examination and was excused by the arbitrator.  The employee argued that the dismissal of the witness deprived him of a full opportunity to cross-examine her.  The Seventh Circuit Court of Appeals disagreed, holding that the hearing as a whole afforded appellant a full and fair opportunity to present his own evidence and to challenge adverse evidence.  Id. at 600.  In West v. Grand Cty. (C.A.10, 1992), 967 F.2d 362, the Tenth Circuit Court of Appeals held that confrontation and cross-examination were not rights inherent in every proceeding, and that the discharged employee could not complain of a lack of confrontation and cross-examination when she had failed to seek the attendance of the adverse witness.  Id. at 369.

Some federal courts have attempted to formulate standards for due process in posttermination hearings.  The Sixth Circuit Court of Appeals has held that due process requires at least the discharged employee's attendance at the hearing, the assistance of counsel, the ability to present evidence on his or her own behalf, and the opportunity to challenge adverse evidence.  Carter v. W. Res. Psychiatric Habilitation Ctr. (C.A.6, 1985), 767 F.2d 270.  The Eighth Circuit Court of Appeals has stated that the requirements are actual notice and sufficient detail of the reasons for termination, notice of the names of the accusers and the factual basis for the charges, reasonable time and opportunity to present one's own evidence in defense, and a hearing before an impartial tribunal. Riggins v. Bd. of Regents (C.A.8, 1986), 790 F.2d 707.

Neither Carter nor Riggins mandates face-to-face confrontation.  We decline to create a set of specific baseline

requirements that purport to control the vast variety of factual situations that might arise. Nevertheless, we approve of the spirit of Carter and Riggins and urge arbitrators, and all posttermination tribunals, to take guidance from these cases.

Even in criminal law, the right to confrontation is not absolute. See, e.g., State v. Self (1990), 56 Ohio St.3d 73, 564 N.E.2d 446 (use of child victim's videotaped testimony in child sex abuse case, in accordance with R.C. 2907.41[A] and [B], does not violate Ohio or federal Confrontation Clause); White v. Illinois (1992), 502 U.S.    , 112 S.Ct. 736, 116 L.Ed.2d 848 (Confrontation Clause does not require showing of unavailability before state may introduce hearsay evidence through "spontaneous declaration" and "medical records" exceptions to hearsay rule, in accordance with Federal Rules of Evidence). In Self, moreover, this court stated that "[l]iteral face-to-face confrontation is not the sine qua non of the confrontation right." 56 Ohio St.3d at 77, 564 N.E.2d at 450. Rather, the paramount underlying purpose of the confrontation right is to allow for cross-examination of the testimony of one's accuser. Id. at 76, 564 N.E.2d at 450.

Accordingly, we decline to hold that face-to-face confrontation, while an important aspect of the truth-seeking process, is an absolute requirement of due process. A party is entitled to a meaningful opportunity to challenge the adverse evidence. Procedural due process does not require face-to-face confrontation in a posttermination grievance arbitration hearing when the terminated public employee is permitted to cross-examine the adverse witness or witnesses at the hearing.

In the case at bar, we note first that it is a civil, and not criminal, matter. Although Johnson's right to continued employment is undeniably a significant one, it is less compelling than the rights one stands to lose in a criminal prosecution. Furthermore, Johnson's "confrontation right" emanates not from the Ohio or federal constitutional Confrontation Clauses, but from the aspect of procedural due process that guarantees a meaningful truth-seeking proceeding. Due process does not incorporate the entire arsenal of express constitutional protections that might apply in other situations. In our analysis of the facts of this case, we are thus guided, but not bound, by the principles that underlie the constitutional confrontation right.

Although Early did not appear in the arbitration hearing room, her testimony was live, and Johnson's attorney subjected her to cross-examination. The arbitrator in no way limited the scope of that cross-examination, and counsel attempted to evoke testimony that would damage Early's credibility. Counterbalanced against Johnson's right to present and challenge evidence are the significant interests of the state. These include securing the willing testimony of a witness accusing appellee of helping to arrange a drug deal at the school, and removing from the school any employee guilty of such conduct.

It is not insignificant that Early was the only witness against Johnson on the drug-dealing allegation. Tribunals should be vigilant when all the evidence on a particular accusation comes from a single source. The slight abridgment

of Johnson's ability to challenge Early's testimony, however, was justified by her reasonable fear for her safety. Although there is no evidence of a direct threat, Johnson approached Early and asked her to lie. Under these circumstances, her fear of reprisal was reasonable. The ability of the arbitrator to view Early's demeanor as she testified gave him an adequate opportunity to assess her credibility.

The purpose of due process is to protect substantial rights. It does not mandate particular procedures in every case. State ex rel. Owens-Illinois, Inc. v. Indus. Comm. (1991), 61 Ohio St.3d 456, 575 N.E.2d 202. The controlling question in this case is whether the arbitrator appropriately balanced the conflicting interests involved without depriving appellee of a meaningful opportunity to challenge adverse evidence. Because we hold that he did, we reverse the judgment of the court of appeals.

Judgment reversed.

A.W. Sweeney, Wright, Resnick, Nader and Pfeifer, JJ., concur.

Douglas, J., concurs in the syllabus and judgment.

Robert A. Nader, J., of the Eleventh Appellate District, sitting for F.E. Sweeney, J.