DECISION AND JOURNAL ENTRY
{¶ 1} This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 2} Appellant, Steve Bratanov, appeals the decision of the Cuyahoga Falls Municipal Court, which overruled his objections to the magistrate's decision and entered judgment in favor of appellee, The Briarwood. This Court affirms.
 I. {¶ 3} Appellee is a nursing home which housed and provided services to appellant's father, Stephen Bratanov, and his mother, Matilda Bratanov. Appellant signed residential care facility admission agreements as the responsible party on behalf of both his father and his mother on March 18, 2004, using the *Page 2 
designation P.O.A. Appellant advised appellee in December 2004 that his father and mother would only be able to afford to stay at appellee's facility through January 2005. However, appellant refused to allow the transfer of his parents to another facility until after they no longer had funds in their respective checking accounts to pay for appellee's services.
 {¶ 4} When Stephen Bratanov was finally transferred from appellee's facility, there was an outstanding balance of $8,093.68 due for services rendered. When Matilda Bratanov was finally transferred from appellee's facility, there was an outstanding balance of $863 due for services rendered.
 {¶ 5} On June 22, 2005, appellee filed suit against appellant, Stephen Bratanov, and Matilda Bratanov, for breach of contract. The matter proceeded to a hearing before a magistrate, at the close of which the magistrate recommended rendering judgment in favor of appellee and against appellant. The magistrate also recommended the dismissal of Stephen Bratanov and Matilda Bratanov as parties from the action.
 {¶ 6} Appellant filed objections to the magistrate's decision. In his objections, appellant argued that the trial court erred in rendering judgment against him because appellees failed to join him as a representative of his father's estate as a necessary party to the action. A hearing on the objections was held on June 5, 2006. At the hearing, appellant withdrew any objections regarding issues involving Matilda Bratanov and agreed to the magistrate's finding of judgment in *Page 3 
favor of appellee in the amount of $863.00 for services rendered to Matilda Bratanov. The trial court overruled appellant's objections, adopted the magistrate's decision, and entered judgment in favor of appellee and against appellant in the amount of $8,956.68 plus interest.
 {¶ 7} Appellant timely appealed the trial court's decision, setting forth five assignments of error for review. The arguments have been combined and rearranged to facilitate this Court's analysis.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF STEVE BRATANOV AND ABUSED ITS DISCRETION IN ADOPTING AND AFFIRMING THE MAGISTRATE'S DECISION."
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF STEVE BRATANOV AND ABUSED ITS DISCRETION IN FAILING TO EXPRESSLY RULE UPON ALL OF APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION."
 {¶ 8} Appellant's first and third assignments of error raise common and interrelated issues; therefore, this Court addresses them together. In appellant's first assignment of error, he argues that the trial court erred in adopting and affirming the magistrate's decision. In his third assignment of error, appellant contends that the trial court erred in failing to expressly rule on all of his objections to the magistrate's decision. This Court finds that appellant's arguments lack merit. *Page 4 
 {¶ 9} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. Kalail v. Dave Walter,Inc., 9th Dist. No. 22817, 2006-Ohio-157, at ¶ 5, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621
 {¶ 10} In this case, appellant maintains that the trial court erred in affirming the magistrate's decision. However, no transcript or affidavit supporting the objection was filed with the trial court. Civ.R. 53(E)(3)(c) provides that "[a]ny objection to a [magistrate's] finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 11} When a trial court adopts a magistrate's report and a party objecting to the report failed to provide the trial court with either a transcript or affidavit, appeal from the trial court's decision can only be reviewed by an appellate court to determine whether the trial court's application of the law to the factual findings constitutes an abuse of discretion. See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. "An appellate court determines whether a trial court abused its discretion by adopting a magistrate's report in light of the evidence before the trial court." Atco Med. Prod, Inc. v.Stringer (Apr. 8, 1998), *Page 5 
9th Dist. No. 18571. Because appellant did not file a transcript or an affidavit with his objections to the magistrate's decision, this Court will address appellant's arguments only insofar as they raise legal challenges that were preserved for appellate review through timely objections in the trial court. Mollica v. Mollica, 9th Dist. No. 02CA0079-M, 2003-Ohio-3921, at ¶ 6.
 {¶ 12} In the case at hand, the trial court noted that appellant had not filed a transcript of the hearing held before the Magistrate on June 5, 2006. The trial court went on to conclude that by refusing to allow the transfer of his father to another residential facility, appellant lost the exemption to sign as an attorney in fact for his father pursuant to R.C. 1337.092(B)(4), which provides: "An attorney in fact is not personally liable for a debt of the attorney in fact's principal, unless * * * [a]n act of the attorney in fact that was beyond the attorney in fact's authority gave rise to or resulted in debt." The trial court further concluded that appellee was entitled to judgment in the amount of $8,956.68 plus interest.
 {¶ 13} Based on the above, this Court finds that the trial court did not err in determining that the magistrate's findings were sufficient to support his ultimate conclusion that appellee was entitled to judgment in the amount of $8,956.68 plus interest. Under the circumstances, it would have been an abuse of discretion had the probate court failed to adopt the magistrate's findings of fact in light of the fact that no transcript of the proceedings or affidavit supporting the objections had been filed. See Civ.R. 53(E)(3)(c) and Weitzel v. Way, 9th Dist. No. 21539, 2003- *Page 6 
Ohio-6822, at ¶ 17. Appellant failed to show that the trial court's adoption of the magistrate's decision demonstrated "perversity of will, passion, prejudice, partiality or moral delinquency." Pons,66 Ohio St.3d at 621. Accordingly, appellant's first and third assignments of error are overruled.
 SECOND ASSIGNMENT OF ERROR "JUDGMENT RENDERED AGAINST STEVE BRATANOV CONSTITUTES PLAIN ERROR BECAUSE IT AFFECTED THE BASIC FAIRNESS, INTEGRITY AND PUBLIC REPUTATION OF THE JUDICIAL PROCESS."
 {¶ 14} In his second assignment of error, appellant argues that the trial court's judgment constitutes plain error. This Court disagrees.
 {¶ 15} A plain error is one that is "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209. The Supreme Court of Ohio set forth the plain error standard as follows:
 "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. See, also, LeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 124 (stating that the plain error doctrine should be used with the utmost caution and only under exceptional circumstances to prevent a manifest miscarriage of justice). *Page 7 
 {¶ 16} This Court cannot say that this instant case is one of those extremely rare cases involving exceptional circumstances. We decline to analyze appellant's proffered individual reasons, and believe none of the reasons listed by appellant seriously affected the basic fairness, integrity or public reputation of the underlying judicial process, perGoldfuss, 79 Ohio St.3d 116. Appellant's second assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF STEVE BRATANOV AND ABUSED ITS DISCRETION BY FAILING TO DISMISS THIS ACTION FOR FAILURE TO JOIN AN INDISPENSABLE OR NECESSARY PARTY."
 FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF STEVE BRATANOV AND ABUSED ITS DISCRETION BY FAILING TO DISMISS THIS ACTION FOR FAILURE TO [JOIN] THE ESTATE OF STEPHEN BRATANOV AS AN INDISPENSABLE OR NECESSARY PARTY."
 {¶ 17} In his fourth and fifth assignments of error, appellant argues that the trial court erred in denying his motions to dismiss for failure to join him and the estate of Stephen Bratanov as indispensable or necessary parties. This Court disagrees.
 {¶ 18} According to the magistrate's decision, appellant made an oral motion to dismiss at the conclusion of appellee's case. The trial court denied the motion and appellant renewed the motion to dismiss at the close of the trial. The trial court reserved judgment on appellant's second motion to dismiss and denied *Page 8 
it in its journal entry. As appellant only made an oral motion to dismiss at the hearing, the issues raised in appellant's fourth and fifth assignments of error cannot be resolved without reference to the transcript. Consequently, Civ.R. 53(E)(3)(c) requires a transcript or affidavit. Conley v. Conley, 9th Dis. No. 21759, 2004-Ohio-1591, ¶ 9. Without having filed the transcript or affidavit, appellant has waived these claims. Simms v. Simms (Mar. 27, 1998), 11th Dist. No. 97-P-0005. Appellant's fourth and fifth assignments of error are overruled.
 III. {¶ 19} Appellant's assignments of error are overruled. The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 9 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
SLABY, P. J. CONCURS