OPINION
{¶ 1} Appellant, Charles McDaniel, appeals a decision of the Domestic Relations Division of the Warren County Court of Common Pleas overruling an objection to a *Page 2 
magistrate's decision and denying oral argument based on lack of subject matter jurisdiction. We affirm the decision of the domestic relations court.
 {¶ 2} This case arises under a complaint for divorce filed by the deceased Ann Marie MacPherson (f.k.a. McDaniel) in 2002. The parties were married on January 28, 1989. During their marriage, two children were born and four were adopted. While the divorce was pending, proceedings involving allegations of abuse of the children were initiated in the Juvenile Division of the Warren County Court of Common Pleas. Accordingly, the domestic relations court certified the parenting issues to the juvenile court by "Entry Transferring Parenting Issues" on May 15, 2002. A final judgment entry and decree of divorce were issued on June 25, 2003. MacPherson died on April 5, 2006.
 {¶ 3} Although custody issues continue to be overseen by the juvenile court, on August 18, 2006, the Warren County Child Support Enforcement Agency inadvertently filed motions in the domestic relations court to re-direct child support payments and determine account balances and collect arrearages or overpayments. The magistrate dismissed the matter for lack of jurisdiction.
 {¶ 4} Appellant filed an objection to the magistrate's decision and requested an oral argument. The trial court overruled the objection and denied oral argument on the issue. This appeal followed.
 {¶ 5} Appellant raises a single assignment of error:
 {¶ 6} "THE DOMESTIC RELATIONS COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S REQUEST FOR ORAL ARGUMENT AND RULED THAT IT LACKED JURISDICTION TO HEAR THIS MATTER."
 {¶ 7} Within his assignment of error, appellant presents two issues for review. First he argues that he has a right under theFourteenth Amendment to the United States Constitution to be heard in the domestic relations court. Second, he argues that the domestic *Page 3 
relations court has jurisdiction and should hear the custody issues.
 {¶ 8} Appellant argues that the domestic relations court erred when it adopted the magistrate's decision finding that it lacked jurisdiction to hear matters relating to the custody and support of the children. We find no merit to appellant's argument.
 {¶ 9} When a party objects to a magistrate's decision, under Civ.R. 53(D)(4)(d), the trial court must rule on those objections after undertaking an independent review to "ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." On appellate review of the trial court's decision to adopt a magistrate's decision, the standard of review depends on whether the appellant claims error in the determination of factual issues or in the application of law. Orthopaedic Care, Inc. v. Trans Global AdjustingCorp. (Nov. 19, 2001), Stark App. No. 2001CA00215, 2001 WL 1512574 at 3
(Hoffman, P.J., dissenting); Briarwood v. Bratanov, Summit App. No. 23318, 2007-Ohio-2476, ¶ 20. In adopting the magistrate's decision, the trial court determined that the juvenile court had exclusive jurisdiction and that it did not have subject matter jurisdiction over the matter. The issue of subject matter jurisdiction is a matter of law that is reviewed independently of the trial court's decision.Shockey v. Founty (1995), 106 Ohio App.3d 420, 424.
 {¶ 10} In reviewing a trial court's dismissal of a cause of action for lack of subject matter jurisdiction, an appellate court must determine whether "any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77,80. If the complaint raises any issue that the court has authority to hear, the dismissal will fail. Appellant's objection to the magistrate's decision clearly raises no "action cognizable by the forum," and as such, we must affirm the dismissal.
 {¶ 11} Appellant's objection to the trial court's decision asserts that "[t]here is no reason that the Juvenile Court needs to remain involved in this matter. All matters relating to support, custody, and other issues should be under the jurisdiction of the Domestic Relations Court." *Page 4 
Ohio law does not support this assertion.
 {¶ 12} Initially, the domestic relations court did have exclusive jurisdiction over the custody and support issues raised in this case. R.C. 1309.06 provides, in pertinent part, that "[i]n any case in which a court of common pleas, or other court having jurisdiction, has issued an order that allocates parental rights and responsibilities for the care of minor children and designates their place of residence and legal custodian of minor children, has made an order for support of minor children, or has done both, the jurisdiction of the court shall not abate upon the death of the person awarded custody but shall continue for all purposes during the minority of the children." The domestic relations court issued orders relating to place of residence, custody, and support of the children, as described in the statute, when it issued a temporary parenting order on February 27, 2002, and a decision to terminate parental visitation on March 28, 2002. As such, at that time, the domestic relations court had continuing exclusive jurisdiction during the minority of the children over the matters of custody and support.
 {¶ 13} However, when proceedings involving abuse allegations were started, the juvenile court also obtained exclusive jurisdiction regarding certain issues related to the children. R.C. 2151.23(A) provides that "[t]he juvenile court has exclusive original jurisdiction under the Revised Code as follows: (1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be a[n] * * * abused, neglected, or dependent child[.]" When proceedings were instituted in the juvenile court regarding abuse of the children, the juvenile court obtained exclusive jurisdiction under R.C. 2151.23(A)(1). R.C. 2151.23(A)(2) also grants a juvenile court jurisdiction to hear matters "to determine the custody of any child not a ward of another court of this state[.]" The grants of jurisdiction under R.C. 2151.23(A) are independent of one another such that a juvenile court is not required to make a determination of abuse in order to be authorized to issue orders *Page 5 
regarding custody. See In re Torok (1954), 161 Ohio St. 585, paragraph two of the syllabus. Rather, the statute provides several circumstances under which a juvenile court may obtain jurisdiction over a matter involving a child.
 {¶ 14} The language contained in R.C. 2151.23(A)(2) permitting a juvenile court to exercise jurisdiction with respect to custody decisions only with respect to children "not a ward of another court" does not prohibit the juvenile court from assuming jurisdiction in this case. Although the children had already been the subject of decisions of the domestic relations court regarding residence, custody, and support, the Ohio Supreme Court has stated that, when a domestic relations court deals with these matters, the child does not become a ward of the domestic relations court for purposes of this statute. In rePoling, 64 Ohio St.3d 211, 214, 1992-Ohio-144. Therefore, the juvenile court also had jurisdiction to render decisions regarding the custody of the children.
 {¶ 15} Read together, R.C. 3109.06 and R.C. 2141.23(A)(2) grant the domestic relations court and the juvenile court, respectively, overlapping jurisdiction regarding issues related to the custody and support of the children. The Ohio Supreme Court has interpreted the grants of jurisdiction in the statutes at issue in this case to be concurrent. Id. In re Poling at 214.
 {¶ 16} Where there is concurrent jurisdiction, the general rule is that the court in which the proceeding is first instituted obtains jurisdiction over the matter to the exclusion of other courts.Miller v. Court of Common Pleas (1944), 143 Ohio St. 68, 70. Under this general rule, because the custody issues were first addressed in the domestic relations court, that court would have had continuing exclusive jurisdiction in regards to these matters. But the Ohio Supreme Court has created an exception to the general rule with respect to these specific statutes, "granting the juvenile court jurisdiction to make particularized determinations regarding the care and custody of children subject to its jurisdiction, while respecting the *Page 6 
continuing jurisdiction of the domestic relations or common pleas court that makes a custody decision in a divorce case." Id. at 216. It is unclear how this rule would operate in a situation in which a domestic relations court and juvenile court each asserted its continuing jurisdiction to make decisions, potentially conflicting, regarding parenting issues. However, it is unnecessary to make such a determination at this juncture because the facts in the case at bar clearly indicate that the domestic relations court does not, and in fact cannot, assert jurisdiction.
 {¶ 17} Following the institution of proceedings alleging abuse in the juvenile court, the domestic relations court exercised the authority granted it under R.C. 3109.06 to certify the parenting issues, including issues of custody and support, to the juvenile court. R.C. 3109.06
provides that "[a]ny court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities for the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian or in any case respecting the support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction." The parties do not argue that the court failed to properly certify the parenting issues to the juvenile court by way of the "Entry Transferring Parenting Issues" dated May 15, 2002. Under the statute, this certification operated to place the issue of parenting decisions within the exclusive jurisdiction of the juvenile court.
 {¶ 18} Because the domestic relations court did not have jurisdiction, the magistrate was obliged to dismiss the case. Civ.R. 12(H)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the *Page 7 
court shall dismiss the action." Under this rule, if the trial court determines that it lacks jurisdiction, it must dismiss the action. Furthermore, where a court has exclusive jurisdiction, the judgment of any other court in such an action is void. State ex rel. Easterday v.Zieba (1991), 69 Ohio St. 3d 251, 253. The domestic relations court had no authority to exercise jurisdiction in this matter, and if it had attempted to do so, its judgments would have been void as a matter of law.
 {¶ 19} Appellant asserts that, because the juvenile court did not proceed against him on the abuse allegations, the juvenile court somehow lost its jurisdiction to decide the parenting issues and should have simply "transferred the case back to the Domestic Relations Division." As appellee has properly identified, however, Ohio law contains no provisions permitting this sort of "reverse certification." SeeHandelsman v. Handelsman (1958), 108 Ohio App. 30, 35. Once the domestic relations court certified the issues to the juvenile court, concurrent jurisdiction no longer exists and, under R.C. 3109.06, the juvenile court's jurisdiction is exclusive.
 {¶ 20} Appellant also argues that the domestic relations court violated his right to due process of law under the Fourteenth Amendment when it denied his request for oral arguments on his objection to the magistrate's decision. We find that this argument has no merit.
 {¶ 21} Due process entails the "opportunity to be heard." State exrel. Owens-Ill., Inc. v. Indus. Comm. of Ohio (1991),61 Ohio St. 3d 456, 457 (quoting Grannis v. Ordean [1914], 234 U.S. 385, 394,34 S.Ct. 779). However, this particular right embodies "no particular form of procedure; it protects substantive rights." Owens-Ill. at 457 (quotingNatl. Labor Relations Bd. v. Mackay Radio and Tel. Co. (1938),304 U.S. 333, 351, 58 S.Ct. 904). Both Ohio and federal case law have definitively determined that oral argument is not invariably required in order to afford due process. See Owens-Ill. at 459 (quoting Fed.Communications Comm. v. *Page 8 WJR (1949), 337 U.S. 265, 274-76, 69 S.Ct. 1097). Rather, "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances." WJR at 276.
 {¶ 22} The facts and circumstances of the cases in which courts have required oral argument in order to afford due process are not present in the instant case. For example, in Goldberg v. Kelly, (1969)397 U.S. 254, 268-69, 90 S.Ct. 1011, the United States Supreme Court found that an opportunity to be heard at oral argument was required in welfare recipient benefit termination proceedings. The Court cited the recipients' lack of education and inability to obtain professional assistance, as well as the need for the flexibility of oral presentation because of the nature of the fact-specific determinations where credibility and veracity were important issues. Id. The facts ofGoldberg are wholly unlike the case at bar, where appellant is an educated individual with access to legal counsel capable of rendering arguments as effectively in writing as verbally and the decision at hand can be made without reference to any facts for which credibility and veracity would be relevant.
 {¶ 23} Rather, the facts of this case clearly indicate that oral arguments were unnecessary to afford due process to appellant. The situation in this case is more akin to that of State ex rel.Owens-Illinois, Inc. v. Indus. Comm. of Ohio, (1991) 61 Ohio St. 3d 456,460, where the appellant's argument that it was entitled to an oral hearing was denied based on the fact that the appellant, the Industrial Commission, was represented by competent counsel and had the opportunity to rebut evidence by filing written responses.
 {¶ 24} In the case at bar, appellant submitted a memorandum in support of his objection to the magistrate's decision. The trial court appropriately found the arguments in this memorandum had no merit. As this case is based exclusively on the application of law, we find no evidence that an oral argument would have assisted the trial court in making a decision on the objection. Although there is a complex factual situation underlying the events *Page 9 
at hand, those facts are inapplicable to the determination that the domestic relations court lacked jurisdiction to hear the matter. Indeed, the U.S. Supreme Court has indicated that "the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised."WJR at 276. As such, we find no merit to appellant's argument that oral argument was required in order to afford him due process rights.
 {¶ 25} For the reasons set forth above, the judgment of the trial court is affirmed.
 WALSH and POWELL, JJ., concur. *Page 1