[Cite as *Norwalk v. Giannini*, 2023-Ohio-4133.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

City of Norwalk                                    Court of Appeals No.  H-23-002

          Appellee                                 Trial Court No.  TRD 2203592

v.

Christopher A. Giannini                            **DECISION AND JUDGMENT**

          Appellant                                Decided: November 9, 2023

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

Howard C. Whitcomb, III., for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Christopher A. Giannini, appeals from the judgment of the

Norwalk Municipal Court, finding him guilty of speeding. For the reasons that follow, the

trial court's judgment is affirmed.

**Statement of the Case**

{¶ 2} On November 26, 2022, at approximately 7:54 p.m., appellant was issued a traffic citation for speeding in violation of R.C. 4511.21(D)(1).

{¶ 3} At a hearing held on December 12, 2022, appellant entered a plea of not guilty, and the trial court scheduled a trial date for December 20, 2022.

{¶ 4} At trial before the court on December 20, 2022, the state presented the testimony of a single witness, Sgt. Richard Anderson, who was the citing officer in this case. Appellant, who appeared pro se, conducted cross-examination of Anderson and, further, testified on his own behalf. In addition, appellant presented and submitted several exhibits, including narratives for R.C. 4511.27 and R.C. 4511.30, Section 5 of the Ohio Driver Manual, and appellant's own curriculum vitae.

{¶ 5} At the conclusion of the evidence, the trial court, noting the "volume of exhibits" submitted by appellant, postponed its decision announcement until December 28, 2022, so that the trial court would have an opportunity to review all of the exhibits presented.

{¶ 6} At the December 28, 2022 hearing, the trial court stated that it had reviewed the evidence and exhibits, and that based on the testimony presented, the law, and the application of the law to the facts as presented, it was finding appellant guilty as charged. The trial court ordered appellant to pay a fine of $45, together with court costs in the amount of $85. In addition, the trial court assessed two points against appellant's license.

2.

**Statement of Facts**

**Sgt. Richard Anderson**

{¶ 7} Ohio State Highway Patrol Officer Richard Anderson testified that he was a 19 ½-year veteran of the patrol and was currently assigned as the midnight shift supervisor. He testified regarding his training and experience in speed limit enforcement and speed measurement, specifying that he had experience in visual speed estimation and in the use of radar speed detection equipment.

{¶ 8} He testified that on November 26, 2022, shortly before 8:00 p.m., he was heading westbound on US Route 20 in Huron County. That stretch of the roadway is a marked 55 mile per hour zone, posted with multiple signs. Anderson observed headlights of a vehicle heading eastbound, traveling directly towards him in the westbound lane. He observed the vehicle to be passing other eastbound traffic and estimated the vehicle to be exceeding the posted 55-mile-per-hour speed limit. After activating his radar speed detection equipment, Anderson confirmed that the vehicle was traveling at 70 miles per hour.

{¶ 9} Anderson testified that he operated the radar equipment according to his training and experience, and that he believed the equipment to be in proper working condition. He further testified that the 70-miles-per-hour readout corresponded with his visual estimation.

{¶ 10} Based on his observations, Anderson initiated a traffic stop of the speeding vehicle and identified appellant as the operator and sole occupant. While speaking with

3.

appellant regarding the reason for the stop, appellant stated to Anderson that he was "just trying to hurry up because there was another vehicle coming at him." Appellant was subsequently issued a citation for speeding in violation of R.C. 4511.21(D)(1).

{¶ 11} Appellant, during his cross-examination of Anderson, started asking the officer to read and answer questions about Revised Code sections addressing the subjects of (1) overtaking and passing vehicles (R.C. 4511.27); and (2) driving upon the left side of the roadway (R.C. 4511.30). Specifically, appellant inquired as to whether these statutes contained any prohibition against speeding while passing. The state objected to this line of questioning on grounds that appellant was inappropriately making legal argument through the witness. Appellant responded that "we have to take a look at the statutes," because "to issue a citation under another statute that doesn't apply is not applicable in this situation."  Ultimately, the trial court ruled in appellant's favor, but cautioned appellant, "I'll give you a little bit of room, but you need, you need to move on." Appellant continued, unchallenged, with the remainder of his cross-examination. During the course of appellant's cross-examination, Anderson acknowledged that neither R.C. 4511.27 or R.C. 4511.30 expressly prohibited speeding while passing. At the end of the examination, appellant presented and submitted to the court exhibits referencing R.C. 4511.27 and R.C. 4511.30, together with the Ohio Driver Manual Digest of Motor Vehicle Laws.

4.

## Appellant's Testimony

{¶ 12} Testifying on his own behalf, appellant testified that he had been an "instructor of law enforcement for a long time," that he had taught "the Ohio Motor Vehicle Laws for years," and that he had "testified as an expert a lot of times in NHTSA situations."

{¶ 13} Regarding the underlying incident, appellant testified that when Anderson approached him after making the traffic stop, Anderson's first words to him were, "[W]as that car not going fast enough for you?" Appellant stated that he replied, "[N]o, it was not. It was doing 45 to 40."

{¶ 14} On cross-examination, appellant estimated that he was traveling at 60-65 miles per hour while he was traveling eastbound in the westbound lane. In addition, he asserted that he was lawfully permitted to travel as fast as he needed to, including exceeding the speed limit, in order to complete a pass.

## Assignments of Error

{¶ 15} Appellant asserts the following assignments of error on appeal:

I. The Ohio Trooper did not have probable cause to cite the defendant-appellant for violating Revised Code Section 4511.21(D)(1) on the date of the offense.

II. The trial court abused its discretion in finding defendant-appellant guilty of violating R.C. 4511.21(D)(1) thereby

5.

denying his right to due process as guaranteed by Article 1, Section 16 of the Ohio Constitution.

III. The trial court's finding of guilt was against the manifest weight of the evidence adduced at trial.

## Analysis

### The citing officer did have probable cause to cite appellant for violating R.C. 4511.21(D)(1).

{¶ 16} Appellant argues in his first assignment of error that in executing his passing maneuver on November 26, 2022, he was in compliance with a variety of code sections that apply to passing vehicles, including R.C. 4511.26, which addresses vehicles traveling in opposite directions; R.C. 4511.27, which addresses the overtaking and passing of vehicles proceeding in the same direction; R.C. 4511.29, which addresses driving to the left of center of the roadway in overtaking and passing traffic proceeding in the same direction; R.C. 4511.30, which addresses driving upon the left side of the roadway; and R.C. 4511.202, which addresses operation without being in reasonable control of a vehicle, trolley, or streetcar. He notes that all of these statutes are silent as to the speed at which the passing maneuver may be performed. He further argues that Chapter 45 of the Revised Code, "*when read as a whole*, does not provide any language regarding limitation of speed when overtaking a vehicle." (Emphasis in original.) Therefore, he claims, evidence of the reasonableness of a passing driver's speed must be considered in determining whether a traffic violation has occurred, and R.C.

6.

4511.21(D)(1), the provision under which he was charged, "does not apply." For all of these reasons, appellant contends that the citing officer did not have probable cause to cite him for violating the established speed limit under R.C. 4511.21(D)(1). We disagree.

{¶ 17} R.C. 4511.21(D)(1) provides:

> (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
>
> (1) At a speed exceeding fifty-five miles per hour, except upon a two-lane state route as provided in division (B)(10) of this section and upon a highway, expressway, or freeway as provided in divisions (B)(12), (13), (14), and (16) of this section.

{¶ 18} Ohio courts, including this one, have held that a charge under R.C. 4511.21(D)(1) is a per se violation. *State v. Miller*, 6th Dist. Huron No. H-20-011, 2021-Ohio-1749, ¶ 5, citing *State v. Heidelberg*, 6th Dist. Wood No. WD-01-036, 2002 WL 445038 (Mar. 22, 2002). (Additional citations omitted.) Thus, under this statute, evidence of the reasonableness of appellant's speed is not relevant. *See Heidelberg* at *1 (in considering a per se speeding violation under R.C. 4511.21(D)(1), evidence of whether the appellant's speed was unreasonable was deemed not relevant).

{¶ 19} The evidence adduced at trial established that a highly trained and experienced officer with the Ohio State Highway Patrol measured appellant's vehicle traveling at a speed of 70 miles per hour in a 55-mile-per-hour zone. The testimony of the

7.

officer's training and experience and use of the police radar equipment was admitted without any objection. In addition, appellant himself admitted to exceeding the 55-mile-per-hour speed limit. Thus, the uncontroverted evidence clearly supports not only a finding of probable cause that appellant violated R.C. 4511.21(D)(1), but a finding of guilty as well.

{¶ 20} Addressing appellant's suggestion that because the code sections he cites are silent as to the issue of speed, he may travel at any speed in order to complete a pass, we note that R.C. 4511.21(D)(1), the code section under which he was charged, does not contain any language creating an exception to the per se speed limit while passing another vehicle. And while it is true that none of the traffic sections cited by appellant include any language that specifically prohibits a motorist from exceeding the per se speed limit while passing, neither do they contain any language that specifically permits such behavior. As appellant was not charged under any of those other traffic sections, their relevancy to this case is questionable at best.

{¶ 21} Appellant's first assignment of error is found not well-taken.

**In finding appellant guilty of violating R.C. 4511.21(D)(1), the trial court did not abuse its discretion or deny appellant due process**

{¶ 22} Appellant argues in his second assignment of error that the trial court abused its discretion and denied appellant due process, because (1) the trial court failed to consider the exhibits and testimony submitted by appellant; and (2) appellant felt pressured by the trial court to complete his case in chief. The law is clear that "a party

8.

[has] been sufficiently 'heard' for due-process purposes when the decision maker '*in some meaningful manner*, consider[ed] evidence obtained at a hearing.'" *State, ex rel. Owens-Illinois, Inc.*, 61 Ohio St.3d 456, 458, 575 N.E.2d 202 (1991) (emphasis in original).

{¶ 23} Here, the trial judge announced at the conclusion of the trial his intention to review the "volume of exhibits" submitted by appellant. And at the hearing held eight days later, the trial judge confirmed that he had, in fact, reviewed "the evidence" and "all of the exhibits [that had been] submitted." Clearly, the court was very concerned about appellant's due process rights and, consistent with that concern, considered the totality of appellant's testimony and exhibits prior to rendering a decision.

{¶ 24} Appellant also contends that the trial court made him feel pressured to complete his case in chief, and that the trial court's admonition to "move on" occurred at a point where appellant was trying to establish, through demonstrative evidence, the sequence of evidence [sic] leading up to the traffic stop. In actuality, the court's instruction to "move on" took place during a portion of appellant's cross-examination of Anderson where appellant asked Anderson to read and answer questions about Revised Code sections addressing the subjects of (1) overtaking and passing vehicles (R.C. 4511.27); and (2) driving upon the left side of the roadway (R.C. 4511.30). Specifically, appellant wanted to know whether either of the named statutes contained mention of any prohibition against speeding while passing. As pointed out by the state at trial, appellant, in pursuing this line of questioning, was attempting to make legal argument through the

9.

witness, rather than simply trying to establish the sequence of events that led up to the traffic stop. Despite the questionable propriety of the cross examination, appellant was allowed to complete his examination of the state's witness and to submit exhibits related thereto.

{¶ 25} The record clearly demonstrates that the trial court's decision was carefully considered based upon an abundance of testimony and evidence presented by both sides, including the exhibits presented by appellant. The trial court did not abuse its discretion and did not violate appellant's due process rights. Appellant's second assignment of error is found not well-taken.

**The trial court's finding of guilt was not against the manifest weight of the evidence**

{¶ 26} Citing the Ohio Driver Manual in support of his claim that a motorist may exceed the per se speed limit in order to complete a pass, appellant argues in his third assignment of error that the trial court's finding of guilt was against the weight of the evidence.

{¶ 27} "In determining whether a conviction is against the manifest weight of the evidence, [an] appellate court must review the entire record, weight the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving any conflicts in the evidence, the jury or trier of fact clearly lost its way and thereby created such a manifest miscarriage of justice that the conviction must be reversed and a new trial must be ordered." *Toledo v. Levesque*, 6th Dist. Lucas No. L-20-

10.

1028, 2021-Ohio-27, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 28} We begin our analysis of this assignment of error by observing that the Ohio Driver Manual does not state the law and should not be relied upon as such. The manual itself provides that "[t]his manual alone may not cover all applicable motor vehicle laws" and "the manual is not substitute for, and does not supersede, the Ohio Revised Code."

{¶ 29} Looking at the contents of the manual, we see that the manual directs a driver while passing a slower moving vehicle to "maintain or adjust speed as necessary." The manual does not instruct motorists to, at any time, exceed the per se speed limit in order to complete a pass.

{¶ 30} As indicated above, the uncontroverted testimony adduced at trial was that appellant operated his vehicle at a speed exceeding the 55-miles-per-hour per se limit. Under R.C. 4511.21(D)(1), that is all the state must prove for a finding of guilt. Therefore, the trial court's finding of guilt was not against the manifest weight of the evidence. Appellant's third assignment of error is found not well-taken.

## Conclusion

{¶ 31} The judgment of the Norwalk Municipal Court is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affiarmed.

11.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                          _____
                                                                                                                                    JUDGE

Gene A. Zmuda, J.           

Myron C. Duhart, P.J.           _____
CONCUR.                                                                                             JUDGE


                                                                                                   _____
                                                                                                                   JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.